UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNDEFEATED, INC., | Case No. 2:21-CV-1691 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| UNDEFEATED.LIFE, LLC, | |
| Defendant(s). | |

Presently before the court is plaintiff Undefeated, Inc. ("plaintiff")'s second unopposed motion for default judgment. (ECF No. 16). Defendant Undefeated.Life, LLC ("defendant") did not respond, and the time to do so has passed.

I. **Background**

This is a trademark infringement case. Plaintiff is a clothing designer, manufacturer, lifestyle brand, and operates numerous retail stores around the world. (ECF No. 14 at 3). Plaintiff obtained its first trademark registration for "UNDEFEATED" in 2003. (*See* ECF No. 1). Since 2003, plaintiff has obtained numerous trademark registrations for "UNDEFEATED" and related marks in several classes including 25 and 41.[1] (*See id.*) Plaintiff's marks have been associated with, and used on and in connection with, boxing, and other sports and fitness content under the "UNDEFEATED" brand.

Plaintiff learned that defendant was selling apparel and running a business under its own "Undefeated" brand. Plaintiff subsequently sent defendant a letter on April 28, 2020, demanding it to stop the use of plaintiff's Undefeated mark, or any marks confusingly similar, in connection

---

[1] Class 25 relates to clothing, and class 41 relates to education and entertainment services.

**James C. Mahan**
**U.S. District Judge**

with its clothing and business. (ECF No. 1 at 4). Defendant acknowledged receipt of plaintiff's letter and spoke to plaintiff's attorney. (*Id.*) Plaintiff sent a follow-up letter on August 11, 2020, with no response or acknowledgement from defendant. (*Id.*)

Defendant proceeded to file two trademark applications after the cease and desist was received. (*Id.* at 4-5). The applications for the "UNDEFEATED" and "UNDEFEATED.LIFE" marks were filed under classes 25 and 41. (*Id.*) The applications were filed in connection with boxing instruction, personal fitness training services, and numerous clothing items, amongst other goods and services. (*Id.*)

Plaintiff filed its complaint on September 14, 2021, alleging: (1) trademark infringement under 15 U.S.C. § 1114, (2) unfair competition and false designation under 15 U.S.C. § 1125(a), and (3) federal dilution by blurring or tarnishment under 15 U.S.C. § 1125(c). (ECF No. 1). Defendant failed to appear or otherwise respond to the complaint within the time prescribed by the Federal Rules of Civil Procedure. On February 2, 2022, plaintiff moved for entry of clerk's default against the defendant. (ECF No. 11). The clerk of the court entered that default on March 4, 2022. (ECF No. 12).

Plaintiff previously moved for default judgment. (ECF No. 14). While the court agreed that default judgment was proper, plaintiff failed to meaningfully support its request for statutory damages, and the court denied the motion because it could not determine what statutory damages were appropriate. (ECF No. 15). Plaintiff now brings this second motion supporting its damages request. (ECF No. 16).

**II.    Legal Standard**

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule."

**James C. Mahan**
**U.S. District Judge**

The choice whether to enter a default judgment lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the court should consider the seven factors set forth in *Eitel*: (1) the possibility of prejudice to plaintiff if default judgment is not entered; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. 782 F.2d at 1471–72. In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(d).

## III. Discussion

In its order on plaintiff's last motion, the court noted that default judgment was appropriate in this matter but for plaintiff's insufficient request for damages. The court will not disturb those findings and expressly incorporates its analysis of the *Eitel* factors as set forth in the previous order. *See* (ECF No. 15).

In the instant motion, plaintiff now supports its request for damages. As the court previously determined, plaintiff is entitled to a statutory damages award pursuant to 15 U.S.C. § 1117(c). Plaintiff now clarifies that it requests the statutory minimum: $5,000. Courts in this district have previously awarded much higher sums in similar cases. *See Mirage Resorts, Inc. v. Cybercom Productions*, 228 F. Supp. 2d 1141, 1142 (D. Nev. 2002) ($100,000.00); *Nevada Property 1 LLC v. Newcosmopolitanlas Vegas.com*, 2013 WL 167755 at *3 (D. Nev. 2013) ($25,000.00 taking into account that permanent injunction was also issued). $5,000 is thus a reasonable request for damages in light of the fact that plaintiff also requests a permanent injunction.

"15 U.S.C. § 1116(a) vests the district court with the 'power to grant injunctions according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right' of the trademark owner." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1137 (9th Cir. 2006). To that end, given that plaintiff requests the minimum in statutory damages, a permanent injunction is appropriate if plaintiff proves its entitlement to that remedy.

**James C. Mahan**
**U.S. District Judge**

- 3 -

A party seeking an injunction (whether preliminary or permanent) must establish four factors: (1) success on the merits (or likelihood thereof, for a preliminary injunction), (2) a likelihood of irreparable harm without the injunction, (3) a balance of hardships that tips in its favor, and (4) the injunction is in the public interest. *See, e.g.*, *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In trademark infringement cases, once a party shows a likelihood of success on the merits, there is a presumption of irreparable harm. 15 U.S.C. § 1116(a).

Plaintiff has established each of those factors. Not only has it proven a likelihood of success, it has actually succeeded on its claim given defendant's default. Because of that success plaintiff is also entitled to the statutory presumption of irreparable harm. *See id.* Moreover, the third and fourth factors tip in favor of plaintiff because without an injunction defendant could continue to market its goods that infringe on plaintiff's trademark rights, thus confusing consumers. The public interest is served by preventing defendant from marketing competing products using a confusingly similar market, and the hardships plaintiff would have to endure to continue vindicating its rights otherwise (i.e., more lawsuits) counsel in favor of a permanent injunction.

Thus, the court will enter that injunction. Plaintiff's motion refers to a "proposed permanent injunction filed concurrently herewith." (ECF No. 16 at 21). However, based on the court's review of the docket, no such proposed order was filed.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for default judgment (ECF No. 16) be, and the same hereby is, GRANTED.

Within seven (7) days of the issuance of this order, plaintiff shall file a proposed a judgment and injunction consistent with the foregoing. Because the motion underlying this order represents plaintiff's second failure to provide the court with the documents necessary to effectuate the relief it seeks, failure to fully comply with this order shall result in dismissal of the case.

DATED August 9, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -